## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

### NOTICE OF HEARING

To:     See attached Service List

PLEASE TAKE NOTICE that on **December 1, 2016**, at **10:00 a.m.**, the undersigned shall appear before the Honorable Pamela S. Hollis, or any Judge sitting in her stead, in courtroom 644, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **APPLICATION OF REED SMITH LLP FOR ALLOWANCE OF FINAL COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO LDR INDUSTRIES, LLC** a copy of which is attached hereto and herewith served upon you, and shall then and there pray for the entry of an Order in conformity with the prayer of said pleadings.

Dated:  November 8, 2016

Respectfully submitted:

LDR INDUSTRIES, LLC.

By: /s/ Stephen T. Bobo
One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re

LDR INDUSTRIES, LLC,

            Debtor.

Chapter 11

Case No. 14-32138

Honorable Pamela S. Hollis

**SUMMARY SHEET FOR THE APPLICATION OF
REED SMITH LLP FOR ALLOWANCE OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO LDR INDUSTRIES, LLC**

Name of Applicant:

Reed Smith LLP, bankruptcy counsel for the LDR Industries, LLC.

Period for which payment of additional professional fees and expenses is sought:

May 1, 2016 through October 31, 2016

Amount of additional professional fees sought:

$207,098.50

Amount of additional expense reimbursement sought as actual, reasonable and necessary:

$14,644.75

This is the:

Final Application

Prior Applications:

| APPLICATION | FEES REQUESTED | EXPENSES REQUESTED |
|---|---|---|
| First Application of Reed Smith LLP [Docket No. 163]. | $518,773.70 | $11,381.88 |
| Second Application of Reed Smith LLP [Docket No. 198 ]. | $463,442.00 | $10,363.66 |
| Amended Third Application of Reed Smith LLP [Docket No. 254] | $160,403.50 | $4,555.42 |

## COMPENSATION BY PROFESSIONAL

| REED SMITH LLP | | | | |
|---|---|---|---|---|
| **NAME, DEPARTMENT AND LOCATION** | **YEAR OF ADMISSION** | **RATE** | **HOURS** | **AMOUNT** |
| **REED SMITH PARTNERS** | | | | |
| Austin L. Hirsch – Business & Finance - Corporate & Transactional Advisory Group | 1973 | $695 | 10.5 | $7,297.50 |
| Stephen T. Bobo – Business & Finance – Financial Industry Group | 1980 | $695 | 273.6 | $190,152.00 |
| Cynthia Jared  - Business & Finance | 1980 | $685 | .5 | $342.50 |
| Andrew Moss – Insurance Recovery | 1999 | $595 | 2.7 | $1.606.50 |
| **Total Reed Smith Partners:** | | | 287.3 | $199,398.50 |
| | | | | |
| **REED SMITH ASSOCIATES & COUNSEL** | | | | |
| Aaron B. Chapin – Business & Finance - Financial Industry Group | 劃006 | $505 | .8 | $404 |
| **Total Reed Smith Associates and Counsel:** | | | .8 | $404 |
| | | | | |
| **REED SMITH PARAPROFESSIONAL** | | | | |
| E. Anne Arundel – Business & Finance | | $285 | 25.6 | $7,296.00 |
| **Total Reed Smith** | | | 313.7 | $207,098.50 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Reed Smith) | Total Hours | Total Fees |
|---|---|---|
| General Administration | 22.00 | $14,588.00 |
| Creditor Communications | 3.20 | $2,224.00 |
| Chapter 11 Plan | 109.70 | $73,453.50 |
| Customs Claims | 24.20 | $16,819.00 |
| Surety Bond and Letter of Credit Issues | 18.60 | $12,438.00 |
| Hanover Insurance Adversary | 30.80 | $20,931.00 |
| Insider Payment Review | 24.20 | $16,705.00 |
| Objections to Claims | 29.40 | $20,105.00 |
| Fee Applications | 51.60 | $29,835.00 |
| **Total:** | **313.70** | **$207,098.50** |

## COSTS BY CATEGORY

| Cost Code | Cost Description | Costs Incurred |
|---|---|---|
| 20 | Duplicating/Printing/Scanning | $2,564.20 |
| 58 | Outside Duplicating | $6,615.00 |
| 30 | Postage Expense | $4,619.19 |
| 40 | Adversary Filing Fee | $350.00 |
| 51 | Courier Service - Outside | $436.34 |
| 75 | Taxi Expense | $7.00 |
| 80 | Telephone - Outside | $8.12 |
| 154 | Pacer Expense | $44.90 |
|  | **Total** | $14,644.75 |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

### APPLICATION OF REED SMITH LLP FOR ALLOWANCE
### OF FINAL COMPENSATION AND REIMBURSEMENT
### OF EXPENSES AS BANKRUPTCY COUNSEL TO LDR INDUSTRIES, LLC

Reed Smith LLP ("Reed Smith") submits this Application for Allowance of Final Compensation and for Reimbursement of Expenses as Bankruptcy Counsel to LDR Industries, LLC (the "Debtor"), including the period beginning May 1, 2016 through and including October 31, 2016 for which an application has not previously been submitted (the "Fee Period"), pursuant to Sections 330 and 331 of the Bankruptcy Code. Reed Smith seeks payment from funds of the estate of $207,098.50 in professional compensation and expense reimbursement in the amount of $14,644.75 in connection with its services during the Fee Period, as well as confirmation of the amounts of interim compensation previously awarded to Reed Smith in this case. In support of its application, Reed Smith represents as follows:

### I.    BACKGROUND AND CASE STATUS

1.    On September 2, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2.    Since then, the Debtor has continued to manage its affairs as debtor-in-possession and operated its business through the closing of the sale of its assets.

3.     This Court entered an Order approving the retention and employment of Reed Smith as counsel to the Debtor on September 25, 2014 *nunc pro tunc* to September 2, 2014 [Docket No. 62].

4.     On September 25, 2014, this Court also entered an Order establishing procedures for interim compensation and reimbursement of expenses for court approved professionals (the "Compensation Procedures Order") [Docket No. 60].

5.     Pursuant to the Compensation Procedures Order, each professional seeking interim payment of its fees and expenses may file a notice with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Monthly Fee Request"). If no objections are filed with the Court, the Debtor is authorized and directed to pay such professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Fee Request.

6.     However, Reed Smith stopped filing such Monthly Fee Requests after the sale of the Debtor's business. No portion of the additional fees or expenses requested in this Application has already been paid by the Debtor.

7.     Reed Smith has been employed by the Debtor pursuant to Section 327 of the Bankruptcy Code and is entitled to compensation on an hourly basis, plus reimbursement of actual and necessary expenses. This is Reed Smith's Final Fee Application.

8.     On April 24, 2015, Reed Smith filed its first Interim Fee Application for compensation and reimbursement of expenses for the period September 2, 2014 through December 31, 2014. On May 26, 2015, the Court entered an order which awarded Reed Smith interim compensation in the amount of $518,773.70 and expense reimbursement in the amount of $11,381.88 for that period. [Docket No. 163].

9.    On November 20, 2015, Reed Smith filed its Second Interim Application for Allowance of Compensation and for Reimbursement of Expenses for the period January 1, 2015 through August 31, 2015.  On December 15, 2015, the Court entered an order [Docket No. 207] awarding Reed Smith interim compensation in the amount of $463,442.00 and expense reimbursement in the amount of $10,363.66.

10.    On June 30, 2016, Reed Smith filed its Amended Third Application for Allowance of Interim Compensation and for Reimbursement of Expenses for the period September 1, 2015 through April 30, 2016.  On July 28, 2016, the Court entered an order [Docket No. 268] awarding Reed Smith interim compensation in the amount of $157,367.65 and expense reimbursement in the amount of $4,055.42.

11.    The Debtor was an importer, distributor and wholesaler of plumbing fixtures and supplies.  The Debtor bought products from both foreign and U.S. companies and distributed to retail stores such as Home Depot and Lowes.

12.    For most of its existence, the Debtor was a profitable company.  Although sales volume had softened in recent years, with annual net sales falling from $73.6 million in 2010 to $65 million in 2013, the company maintained its operating margins at a consistent level.

13.    The filing of this chapter 11 proceeding was necessitated by a dispute concerning duties assessed by the U.S. Customs and Border Protection ("Customs").  Bankruptcy protection was required by the Debtor in order to prevent any further enforcement action by Customs and to preserve the going concern value of its business.

14.    The Debtor filed for chapter 11 protection with the intent to sell its business as a going concern.  At the time of filing, the Debtor had negotiated a letter of intent with a prospective stalking horse bidder.  After this potential buyer had nearly finished its due diligence

- 3 -

and an asset purchase agreement was being finalized, the potential buyer announced in October 2014 that it had decided not to proceed with a transaction. After further marketing efforts, the Debtor eventually found a strategic buyer, LDR Global Industries, LLC.

15. Thereafter during December 2014 and January 2015, the Debtor negotiated the sale of its business to LDR Global Industries, LLC, in order to maximize the recovery by its creditors.

16. On February 26, 2015, the Court entered an order approving the sale of the Debtor's operating assets to LDR Global Industries, LLC. The sale was finalized and closed on February 27, 2015. Substantially all of the Debtor's assets were sold at a sufficient price to fully satisfy its secured creditor, JPMorgan Chase, N.A. ("JPMC") and left the Debtor's estate with a substantial amount of funds to distribute to its unsecured creditors.

17. In addition, the buyer assumed most of the ordinary course liabilities of the business, greatly reducing the pool of unsecured claims against the Debtor's estate. The Debtor believes that the ultimate result was favorable for its creditors and its estate generally.

18. Since that time, Reed Smith has led the Debtor's efforts to resolve the disputed proof of claim filed by Customs in the Debtor's bankruptcy case. Reed Smith has also assisted the Debtor with dealing with various creditor issues, responding to pending insurance subrogation claims and dealing with letter of credit issues and other issues related to the Debtor's sureties.

19. In addition to spearheading the Debtor's settlement of its disputes with Customs, Reed Smith reviewed various payments made by the Debtor prior to its bankruptcy filing and

- 4 -

negotiated a settlement with the Debtor's indirect owners, Dennis Greenspon and Larry Greenspon, regarding certain questionable payments they had received.

20.    The Debtor then proposed an Amended chapter 11 Plan providing for the approval of those settlements with and the distribution of the estate's assets through a Liquidating Trust.

21.    The Plan was accepted by all classes of creditors who were entitled to vote on it and was confirmed by an order entered by this Court on October 6, 2016.

22.    The Effective Date for the Plan was reached on October 31, 2016.  Pursuant to the terms of the Plan, Hassaan Mansoor of Silverman Consulting became Liquidating Trustee and oversaw the transfer the remaining assets of the Debtor's estate to the Liquidating Trust.  Once Customs completes the liquidation of the Debtor's post-petition entries, the Liquidating Trust will be in a position to make a distribution to unsecured creditors.

23.    Accordingly, the issues in the case are essentially completed, and the Debtor's assets have been transferred to the Liquidating Trust pursuant to the Plan.

## II.    SUMMARY OF SERVICES RENDERED

24.    By this Application, Reed Smith seeks approval and payment for a total of 313.7 hours of services rendered and for reimbursement for certain expenses incurred during the Fee Period.   Reed Smith represented the Debtor during the Fee Period in connection with the following general types of matters:

    a.    advised the Debtor in connection with its duties and responsibilities as debtor in possession;

    b.    represented the Debtor at all court hearings and meetings with creditors and representatives of the U.S. Trustee's office;

    c.    assisted and advised the Debtor in connection with claims filed against it, filed objections to various proofs of claim, and resolved all pending claim disputes;

d.  communicated with various creditors regarding the status of the Debtor's chapter 11 case, the Debtor's assets and liabilities, the sale of the Debtor's business, and the prospects for a plan;

e.  reached settlement of the Debtor's disputes with Customs;

f.  investigated certain of the Debtor's insider payments, including those made to Dennis Greenspon and Larry Greenspon and reached a settlement of claims relating to those payments;

g.  proposed a chapter 11 plan and prepared a disclosure statement on behalf of the Debtor and confirmed the plan;

h.  commenced an adversary proceeding seeking a declaratory judgment against Hanover Insurance Company;

i.  prepared on behalf of the Debtor all necessary reports and papers in connection with the administration of the Debtor's estates, including its operating reports;

j.  assisted the Debtor with respect to replacing a letter of credit and other issues related to the Debtor's sureties;

k.  assisted and advised the Debtor in connection with various insurance subrogation claims; and

l.  prepared interim fee applications for professionals employed by the Debtor.

25.  For ease of review and understanding the specific services provided during the Fee Period, Reed Smith has separated them into the following categories:

A.  General Administration

B.  Chapter 11 Plan

C.  Creditor Communications

D.  Customs Claim Issues

E.  Surety Bond and Letter of Credit Issues

F.  Hanover Insurance Adversary

G.  Insider Payment Review

H.  Objections to Claims

I.      Fee Applications for the Debtor's Professionals

26.     A description of the services provided in each of the categories is set forth below, and detailed statements itemizing the individual services rendered by Reed Smith in each category during the Fee Period are annexed hereto as Exhibits A through I and incorporated herein by reference.

A.      **General Administration**

27.     During the Fee Period, Reed Smith provided 22 hours of services in connection with the general administration of this case.  These services include communications with the Debtor and other parties in interest regarding case status and issues arising in the Debtor's chapter 11 proceeding and engagement of an agent to pursue a rebate claim on behalf of the Debtor.  Particular areas of services in this category include attending status hearings before this Court, communicating with and counseling the Debtor on a range of issues, reviewing and responding to certain claims and administrative expense claims, communications with and engagement of a claim agent in connection with certain LCD litigation, review of monthly operating reports, and communications with the attorney for the U.S. Trustee on various issues.

28.     By these various efforts, Reed Smith has efficiently represented the Debtor and its estate.  The total amount requested for this category is $14,588.00.  A detailed listing of the time entries in this category is contained in Exhibit A attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Case Administration* | | |
| Austin L. Hirsch | 1.70 | $1,181.50 |
| Stephen T. Bobo | 18.10 | $12,579.50 |
| Cynthia Jared | .50 | $342.50 |
| Elizabeth Anne Arundel | 1.70 | $484.50 |
| Total: | 22.0 | $14,588.00 |

- 7 -

B.   **Creditor Communications**

29.   During the Fee Period, Reed Smith provided 3.20 hours of services in connection with dealing with creditor issues.   These services included communicating with creditors and Debtor representatives to resolve claim issues, answering questions with regard to proofs of claim and responding to various creditor inquiries concerning the status of the chapter 11 proceeding.   Reed Smith requests a total of $2,224.00 in compensation for these services.   A detailed listing of the time entries in this category is contained in Exhibit B attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Creditor Communications* | | |
| Stephen T. Bobo | 3.20 | $2,224.00 |

C.   **Chapter 11 Plan**

30.   During the Fee Period, the largest amount of Reed Smith's services was devoted to matters relating to the Debtor's Chapter 11 Plan, Disclosure Statement and Liquidating Trust. Reed Smith provided a total of 109.70 hours of services in this category.   The Debtor filed its original Plan on July 21, 2016 and the Amended Plan on August 10, 2016.   On August 16, 2016, the Court entered an order scheduling the combined hearing on the Plan and the Disclosure Statement for September 27, 2016.   The classes of creditors entitled to vote on the Plan both accepted the Plan.   On October 6, 2016, the Court entered an order confirming the Plan.   The Effective Date for the Plan was reached on October 31, 2016.

31.   The range of services provided in this category include evaluating the creditor claims, drafting the Plan and the Disclosure Statement, preparing the Liquidating Trust Agreement, drafting proposed notice and ballots in connection with the Plan, communicating with creditors regarding the Plan and the confirmation process, drafting a declaration of William

Underwood in support of confirmation of the Plan, preparing a proposed confirmation order, preparing for and attending the confirmation hearings, drafting notices of Plan confirmation and of the Effective Date, and planning for and coordinating the Effective Date for the Plan. As a result of these efforts, the Plan was accepted by the voting classes of creditors and confirmed by the Court. The Effective Date of the Plan was reached on October 31, 2016.

32.    The total amount requested for this category is $73,453.50. A detailed listing of the time entries for this category is contained in Exhibit C attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Chapter 11 Plan* | | |
| Stephen T. Bobo | 102.10 | $70,959.50 |
| Austin L. Hirsch | .80 | $556.00 |
| E. Anne Arundel | 6.80 | $1,938.00 |
| Total: | 109.70 | $73,453.50 |

**D.    Customs Claim Issues**

33.    During the Fee Period, Reed Smith spent 24.20 hours in negotiating a resolution of its issues with Customs, including its disputed claim. Because a substantial portion of the Customs claim would be entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code if it were allowed, resolution of the claim was required before a chapter 11 plan could be confirmed. Ultimately, the Debtor and Customs worked out an overall settlement that included allowance of the claim and a distribution that would largely come from funds recovered from the letters of credit issued in favor of the Debtor's sureties.

34.    The range of services provided in this category include evaluating the amended proofs of claim filed by Customs in the approximate amount of $58 million, investigating the underlying factual and legal issues, reviewing the Debtor's remaining unliquidated entries, analyzing creditor claims and the projected amount of funds available to pay them, exploring

alternative sources of recovery, analyzing Customs' claims against the Debtor's sureties and their potential claims against the Debtor's outstanding letters of credit, and conducting protracted negotiations with Customs in order to reach an overall resolution. Reed Smith's services included numerous conference calls and other communications with the Debtor's special customs counsel, the Assistant U.S. Attorney and Customs attorneys.

35.    These efforts resulted in the Debtor's overall settlement with Customs that formed the cornerstone of the Plan and allowed a distribution to be made to other creditors. The total amount requested for this category is $16,819.00. A detailed listing of the time entries for this category is contained in Exhibit D attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Customs Claims* | | |
| Austin L. Hirsch | 3.30 | $2,293.50 |
| Stephen T. Bobo | 20.90 | $14,525.50 |
| Total: | 24.20 | $16,819.00 |

### E.    Surety and Letter of Credit Issues

36.    During the Fee Period, Reed Smith provided 18.60 hours of services related to issues with the Debtor's sureties and replacing a letter of credit issued to one of the sureties. The specific services include numerous communications with the Debtor and counsel for the Debtor's sureties regarding potential claims against the sureties, the sureties' rights against the Debtor and recourse to security posted, and preparation of a motion seeking court authority to cause the issuance of a replacement letter of credit. The total amount requested for this category is $12,438.00. A detailed listing of the time entries in this category is contained in Exhibit E attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Surety and Letter of Credit Issues* | | |
| Stephen T. Bobo | 17.30 | $12,023.50 |

| Aaron B. Chapin | .20 | $101.00 |
| E. Anne Arundel | 1.10 | $313.50 |
| Total: | 18.60 | $12,438.00 |

## F.   Hanover Insurance Adversary

37.   During the Fee Period, Reed Smith provided 30.80 hours of services related to its letter of credit dispute with Hanover Insurance, which necessitated the filing of an adversary proceeding seeking a declaratory judgment. The specific services include gathering and evaluation of factual information relating to Hanover's bonds and letter of credit, communications with Hanover Insurance regarding its assertions, drafting an adversary complaint, and commencing discovery with respect to the issues with Hanover Insurance. The issue in dispute is the scope of application of the letter of credit held by Hanover Insurance. The total amount requested for this category is $20,931.00. A detailed listing of the time entries in this category is contained in Exhibit F attached hereto.

| Category | Hours | Amount |
| --- | --- | --- |
| *Hanover Insurance Adversary* | | |
| Austin L. Hirsch | 1.90 | $1,320.50 |
| Stephen T. Bobo | 25.70 | $17,861.50 |
| Andrew Moss | 2.70 | $1,606.50 |
| E. Anne Arundel | .50 | $142.50 |
| Total: | 30.80 | $20,931.00 |

## G.   Review of Insider Payments

38.   During the Fee Period, Reed Smith provided 24.20 hours of services related to a review of insider payments and the resulting settlement reached with Dennis Greenspon and Larry Greenspon. The specific services include reviewing payments made by the Debtor prior to its bankruptcy filing, gathering and evaluating underlying factual details and supporting documents, reviewing possible claims against insiders and potential defenses, communications

with counsel for the Greenspons and negotiate resolution of potential claims, and draft settlement agreement terms and tolling agreement. These efforts resulted in a settlement benefitting other general unsecured creditors by more than $110,000. The total amount requested for this category is $16,705. A detailed listing of the time entries in this category is contained in Exhibit G attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Review of Insider Payments* | | |
| Stephen T. Bobo | 20.80 | $14,456.00 |
| Austin L. Hirsch | 2.80 | $1,946.00 |
| Aaron B. Chapin | .60 | $303.00 |
| Total: | 24.20 | $16,705.00 |

## H.   Objections to Claims

39.   During the Fee Period, Reed Smith provided 29.40 hours of services related to objections to creditor claims. The specific services include reviewing the claims register and supporting claim details, confirming which trade claims were assumed and paid by the buyer of the Debtor's business, drafting two omnibus claim objections, preparing objections to contingent and unliquidated claims for indemnification, communications with various creditors regarding claim objections, and attend court hearings regarding the objections to claims. These efforts were a necessary step in the process of proposing and confirming the Debtor's Plan. The total amount requested for this category is $20,105.00. A detailed listing of the time entries in this category is contained in Exhibit H attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Objections to Claims* | | |
| Stephen T. Bobo | 28.60 | $19,877.00 |
| E. Anne Arundel | .80 | $228.00 |
| Total: | 29.40 | $20,105.00 |

## I.   Professional Retention and Compensation

40.   During the Fee Period, Reed Smith dedicated 51.60 hours of services toward professional retention and compensation issues.  These included drafting and revising the third interim compensation applications for Reed Smith, Adduci, Mastriani & Schaumberg, LLP, Silverman Consulting and David Pollans and a portion of the preparation of final fee applications for these firms. Because the services provided involved preparation of two separate fee applications on behalf of four different professional firms, the amount of time required was substantially higher than if it had merely related to a single application on behalf of Reed Smith. The total amount requested for this category is $29,835.00.  A detailed listing of the time entries for this category is contained in Exhibit I attached hereto.

| Category | Hours | Amount |
|---|---|---|
| *Professional Retention and Fee Applications* | | |
| Stephen T. Bobo | 36.90 | $25,645.50 |
| Elizabeth A. Arundel | 14.70 | $4,189.50 |
| Total: | 51.60 | $29,835.00 |

### III.   STATEMENT OF EXPENSES INCURRED

41.   Reed Smith seeks reimbursement for expenses necessarily and actually incurred during the Fee Period totaling $14,644.75. The largest category was outside duplicating services, which were used for photocopying of the plan, disclosure statement, liquidating trust agreement and other materials that were served upon all creditors and parties in interest.  This amount represents the outside vendor's actual charge incurred by Reed Smith.  The second largest category, postage expense, was necessitated by the service of the Plan packages and related notices upon all creditors as well as various other pleadings upon the regular service list. The third largest category was internal photocopying and other duplication expense, charged at the rate of 10 cents per copy.  Most of this expense was incurred in connection with motions and other filings served upon creditors and other parties in interest.  Because of the number of

creditors who are overseas, Reed Smith also incurred significant amount of overnight delivery charges in connection with service of notices and motions. Reed Smith submits that these expenses were necessarily and appropriately incurred in connection with its representation of the Debtor in this case. A summary listing of these expenses is contained in Exhibit J attached hereto.

### IV.    STATEMENT PURSUANT TO SECTION 504 AND BANKRUPTCY RULE 2016(b)

42.    The services that Reed Smith provided were required for the appropriate and successful representation of the Debtor in this case and were authorized by order of this Court. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applied standards of the time, nature, extent and value of the services performed, the services provided by Reed Smith are compensable from the Debtor's estate.

43.    There has been no duplication of services by the Reed Smith attorneys. In those limited instances where more than one attorney participated in any matter, such joint participation was necessary because of the nature and scope of the issues, the allocation of responsibility for issues, and time constraints that existed.

44.    All services of Reed Smith were provided exclusively to the Debtor and to no other parties. Neither Reed Smith nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as disclosed in the affidavit of Stephen Bobo filed pursuant to Bankruptcy Rule 2014.

45.    No agreement exists between Reed Smith and any other person for the sharing of compensation to be received by Reed Smith in these cases, except as may be allowed by Section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among partners of Reed Smith.

46.    The nature of the issues presented in the Debtor's chapter 11 case required experienced legal representation for the Debtor. These cases have required Reed Smith's attorneys to devote substantial time and effort to properly represent the Debtor and the interests of its estate.

47.    Reed Smith seeks compensation for its services at usual and customary rates charged for services, both in and out of bankruptcy proceedings, performed for other clients of the firm, except that Austin Hirsch has reduced his hourly rate for this case. Reed Smith has frozen its rates at the levels in effect when it filed this case in 2014. Reed Smith's rates are commensurate with other firms of comparable expertise.

48.    Two Reed Smith partners, one associate, and a paralegal have been primarily involved in representing the Debtor during the Fee Period. Stephen Bobo, a Reed Smith partner, is a 1980 graduate of the George Washington University Law School and has been practicing law for 35 years. He has focused his practice on bankruptcy and insolvency matters, both in and out of court, for more than 30 years. He regularly represents debtors, creditors' committees, trustees, and individual creditors in a variety of bankruptcy cases both in this district and elsewhere. Mr. Bobo speaks regularly on bankruptcy and insolvency-related issues, and is primarily responsible for representing the Debtor in this case. Austin Hirsch, a partner in Reed Smith's Corporate and Securities practice group, has assisted on corporate matters in connection with the Debtor's business, the sale of the Debtor's assets and Customs issues. Mr. Hirsch graduated from Northwestern University School of Law in 1973, and his practice encompasses all aspects of business and finance law. Aaron Chapin is a senior associate in Reed Smith's Restructuring and Bankruptcy practice group, and he worked with Mr. Bobo on various bankruptcy issues. Mr. Chapin is a 2006 graduate of the University of Minnesota Law School

and a former law clerk of Bankruptcy Judge Pat E. Morgenstern-Clarren of the Northern District of Ohio.  E. Anne Arundel is an experienced bankruptcy paralegal.

49.   On an overall basis, Stephen Bobo provided a total of 273.6 hours of services at a rate of $695.00 per hour during the Fee Period, for which a total of $190,152.00 is sought as compensation.  Austin Hirsch provided a total of 10.5 hours of services at a rate of $695.00 per hour during the Fee Period, for which $7,297.50 is sought.  In addition, Andrew Moss provided 2.7 hours of services in connection with the Hanover Adversary Proceeding, for which $1,606.50 is sought as compensation, and Cynthia Jared provided .5 hours of services for which $342.50 is sought as compensation.

50.   Aaron Chapin provided .8 hours of services at an hourly rate of $505.00, for which $404 is sought as compensation.   E. Anne Arundel provided a total of 25.6 hours of services at a rate of $285.00 per hour during the Fee Period, for which a total of $7,296.00 is sought as compensation.

## V.   PAYMENT OF REQUESTED COMPENSATION FROM FUNDS OF THE LIQUIDATING TRUST

51.   In this Final Fee Application, Reed Smith seeks allowance of $221,731.25 as additional compensation and expense reimbursement for the Fee Period.  If the Court approves Reed Smith's Final Fee Application, Reed Smith requests that the Liquidating Trustee be authorized to pay the compensation and expenses awarded thereunder from funds on hand in the Liquidating Trust.

## VI.   NOTICE

52.   Reed Smith has given twenty-one days' notice of this Application to the Debtor, the Liquidating Trustee, all creditors, the U.S. Trustee, and to all parties that have appeared or

requested notice pursuant to Bankruptcy Rule 2002 in compliance with the requirements of Bankruptcy Rule 2002(a)(6).

## VII.   CONCLUSION

53.   For all of the reasons set forth in this application, Reed Smith respectfully submits that the services rendered and the disbursements incurred during this case have been reasonably expended in order to adequately represent and protect the interests of the Debtor and its estate. Reed Smith submits further that it has provided such services in an economical and efficient manner. Accordingly, Reed Smith requests that the relief requested in this Application be granted in all respects.

WHEREFORE, Reed Smith respectfully requests that this Court enter an order:

(i)      allowing Reed Smith's requested additional compensation in the amount of $207,098.50 and reimbursement of expenses in the amount of $14,644.75, for a total amount of $221,743.25, incurred during the period of May 1, 2016 through October 31, 2016 for which Reed Smith has not previously sought payment;

(ii)     authorizing and directing the Liquidating Trustee to pay the remaining unpaid portion of the amounts awarded to Reed Smith from cash held in the Liquidating Trust;

(iii)    confirming the amounts of interim compensation and expense reimbursement previously awarded to Reed Smith; and

     (iii)    granting such other relief as may be appropriate and just in the circumstances.

Dated:  November 8, 2016

Respectfully submitted:

LDR INDUSTRIES, LLC.

By:   /s/ Stephen T. Bobo
           One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that on November 8, 2016, I caused a copy of the foregoing NOTICE OF HEARING and APPLICATION OF REED SMITH LLP FOR ALLOWANCE OF FINAL COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO LDR INDUSTRIES, LLC, to be filed in the above-captioned proceeding. Notice of this filing was sent to the parties having filed Appearances by CM/ECF and to all parties on the attached list as indicated.

/s/ Stephen T. Bobo
Stephen T. Bobo

## SERVICE LIST

| Service Party: | Method of Service: |
|---|---|
| LDR Industries, LLC<br>600 North Kilbourn Avenue<br>Chicago, IL 60624 | via U.S. first class mail |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | via ECF |
| David A. Warfield<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>dwarfield@thompsoncoburn.com | via ECF |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Michael.kelly@usdoj.gov | via ECF |
| Scott D. Fink<br>Monette W. Cope<br>Weltman, Weinberg & Reis Co., L.P.A.<br>Lakeside Place, Suite 200<br>323 W. Lakeside Avenue<br>Cleveland, OH 44113-1033 | via ECF |
| Thomas S. Leo<br>Michael J. Dudek<br>Leo & Weber, P.C.<br>One N. LaSalle St., Ste. 3600<br>Chicago, IL 60602 | via ECF |
| Central States<br>477 Thomas Drive<br>Bensenville, IL 60107 | via U.S. first class mail |
| E-Z Weld Inc.<br>1661 Old Dixie Hwy<br>Riviera Beach, FL 33404 | via U.S. first class mail |

| | |
|---|---|
| Reliable Staffing Services, Inc.<br>dba Flexible Staffing<br>870 Oak St.<br>Lake in the Hills, IL 60156 | via U.S. first class mail |
| Genova Products<br>Attn: Barry Brang<br>7304 East Court Street<br>PO Box 309<br>Davison, MI 48423-0309<br>FAX: (810) 744-1653 | via U.S. first class mail |
| Tri-State Pallet Logistics, LLC<br>P.O. Box. 7055<br>Defiance, Ohio 43512 | via U.S. first class mail |
| William H. Harvey Company<br>4334 S. 67th St<br>Omaha, NE 68117 | via U.S. first class mail |
| Zoeller Pump Company<br>3649 Cane Run Road<br>Louisville, KY 40211 | via U.S. first class mail |
| Storm International, Ltd.<br>Cixi Storm Showers Co. Ltd.<br>No.777, Yu'an Rd.<br>Tianyuan Industrial Zone<br>Tianyuan Town<br>Cixi 315325, China<br>office@stormshower.com | via U.S. first class mail and e-mail |
| MTD (USA) Corp. (zhehiang)<br>Zhejiang Minmetals Sanhe I/E Co. Ltd.<br>310 North Zhong Shan Road, Rm 1014<br>Hangzhou China 310003<br>leway@189.cn | via U.S. first class mail and e-mail |
| Ningbo Guoyang Hardware Co, Ltd.<br>No 35 Jinshan Rd Xinxing<br>Industry Zone Ninghai Of Ningbo<br>Ningbo, CHINA<br>susan@diorglobal.com | via U.S. first class mail and e-mail |

| | |
|---|---|
| Ningbo Runner Industrial Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Pannext Fittings Corporation<br>6833 W. Sam Houston Pkwy South Suite 206<br>Houston, TX 77072<br>myuan@pannext.com | via U.S. first class mail and e-mail |
| Sannuotop Industrial Co. Ltd<br>No.109 HengGang Rod, Private Industrial Park,<br>QiuAai Town ,YinZhou District ,Ningbo City,<br>Zhejiang Province, China 315000<br>sam_sannuotop@yahoo.com | via U.S. first class mail and e-mail |
| Shanghai Whitford SanityWare Co, Ltd.<br>No. 2189 Panchuan Road<br>Baoshan Shanghai  China<br>sales@shwhitford.com | via U.S. first class mail e-mail |
| WellMade Faucets Corp.<br>No. 63 Lane 754 Sec 2<br>Chang Ho Rd.<br>Changhua City, Taiwan<br>gary.everlotus@163.com<br>hq.proci@msa.hinet.net | via U.S. first class mail and e-mail |
| Winvest Enterprise Ltd.<br>No. 68 Lane 101, KO Chuang St.,<br>Chung KO Village, Hautang Hsien<br>Change HWA City, Taiwan<br>Postal Code 50353<br>yvonnegao2012@126.com | via U.S. first class mail and e-mail |
| Xiamen Runner Ind. Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Xuzhou Global Pipe & Fitting Manufacturing Co., Ltd.<br>No.6 Jingmahe Branch Road, Xuzhou Economic<br>Development Zone, Jiangsu, China<br>Attn:  Wubaoting<br>huanqiu@xzhuanqiu.com | via U.S. first class mail and e-mail |

| | |
|---|---|
| Yuhuan Jianglin Plumbing Hose & Parts Co, Ltd.<br>Packaging Industrial Zone,<br>Yuhuan, Zhejiang, China<br>parts@cnjianglin.com | via U.S. first class mail and e-mail |
| Sears, Roebuck and Co./Kmart Corporation<br>Ryan Chapman<br>Sears Holdings Management Corporation<br>3333 Beverly Road, B6-311A<br>Hoffman Estates, IL 60179<br>ryan.chapman1@searshc.com | via U.S. first class mail and e-mail |