## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

### NOTICE OF HEARING

To:      See attached Service List

PLEASE TAKE NOTICE that on **December 1, 2016**, at **10:00 a.m.**, the undersigned shall appear before the Honorable Pamela S. Hollis, or any Judge sitting in her stead, in courtroom 644, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **APPLICATION OF SILVERMAN CONSULTING FOR ALLOWANCE OF FINAL COMPENSATION AS FINANCIAL ADVISOR TO LDR INDUSTRIES, LLC** a copy of which is attached hereto and herewith served upon you, and shall then and there pray for the entry of an Order in conformity with the prayer of said pleadings.

Dated November 8, 2016                          Respectfully submitted:

                                               LDR INDUSTRIES, LLC.

                                               By:   /s/Stephen T. Bobo
                                                        One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

**SUMMARY SHEET FOR THE APPLICATION OF SILVERMAN CONSULTING FOR
ALLOWANCE OF FINAL COMPENSATION
AS  FINANCIAL ADVISOR TO LDR INDUSTRIES, LLC**

| | |
|---|---|
| Name of Applicant: | Silverman Consulting, Financial Advisor to the Debtor |
| Period for which additional professional fees are sought: | May 1, 2016 through October 31, 2016 |
| Amount of additional professional compensation sought: | $2,162.00 |
| This is a: | <u>Final Application</u> |

.

**HOURS AND AMOUNT BY TIMEKEEPER**

| TIMEKEEPER | HOURS | AMOUNT |
|---|---|---|
| Hassaan Mansoor | 9.40 | $2,162.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

## APPLICATION OF SILVERMAN CONSULTING FOR ALLOWANCE OF FINAL COMPENSATION AS FINANCIAL ADVISOR TO LDR INDUSTRIES, LLC

Silverman Consulting ("Silverman") submits its Application for Allowance of Final Compensation as Financial Advisor to LDR Industries, LLC (the "Debtor"), including additional compensation and expense reimbursement for the period beginning May 1, 2016 through and including October 31, 2016 (the "Fee Period") pursuant to Sections 330 and 331 of the Bankruptcy Code. Silverman seeks payment of $2,162.00 as additional compensation for the Fee Period and confirmation of the interim compensation and expense reimbursement previously awarded to Silverman. In support of its application, Silverman represents as follows:

### I.       BACKGROUND AND CASE STATUS

1.    On September 2, 2014, LDR Industries, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2.    Since then, the Debtor has continued to operate its business and manage its affairs as debtor-in-possession.

3.    The Debtor sought to retain and employ Silverman as financial advisor to the Debtor because, among other things, the firm has extensive experience and a reputation for providing high quality financial and restructuring advice.   The Debtor and the Debtor's bankruptcy counsel believed that Silverman could assist the Debtor by developing and

implementing a financial strategy which would maximize the value of the Debtor's estate and achieve the best possible outcome for all parties.

4.    This Court entered an Order approving the retention and employment of Silverman as financial advisor to the Debtor on September 25, 2014 *nunc pro tunc* to September 2, 2014 [Docket No. 63].

5.    On September 25, 2014, this Court also entered an Order establishing procedures for interim compensation and reimbursement of expenses for court approved professionals (the "Compensation Procedures Order") [Docket No. 60].

6.    Silverman has been employed by the Debtor as financial advisor pursuant to Section 327 of the Bankruptcy Code, and is entitled to compensation on an hourly basis, plus reimbursement of actual and necessary expenses.  This is Silverman's Final Fee Application.

7.    On April 24, 2015, Silverman filed its First Interim Application for compensation for the period September 2, 2014 through December 31, 2014.  [Docket No. 155].  On May 27, 2015, this Court awarded Silverman interim compensation in the amount of $261,006.00 and expense reimbursement in the amount of $132.00.

8.    On November 20, 2015, Silverman filed its Second Interim Application for compensation for the period January 1, 2015 through August 31, 2015.  [Docket No. 209].  On December 15, 2015, this Court awarded Silverman interim compensation in the amount of $116,071.00 and expense reimbursement in the amount of $10,845.52.

9.    On June 6, 2016, Silverman filed its Third Interim Application for compensation for the period September 1, 2015 through April 30, 2016.  [Docket No. 231].  On June 30, 2016, this Court awarded Silverman interim compensation in the amount of $2,990.

- 2 -

10.    Silverman has not filed Monthly Fee Requests for monthly payments of its invoices during the current Fee Period pursuant to the Compensation Procedures Order.

11.    The Debtor was an importer, distributor and wholesaler of plumbing fixtures and supplies.  The Debtor bought products from both foreign and U.S. companies and distributed to retail stores such as Home Depot and Sears.

12.    For most of its existence, the Debtor was a profitable company.  Although sales volume softened in recent years, with annual net sales falling from $73.6 million in 2010 to $65 million in 2013, the company maintained its operating margins at a consistent level.

13.    The filing of this chapter 11 proceeding was necessitated by a dispute concerning duties assessed by the U.S. Customs and Border Protection ("Customs").  Bankruptcy protection was required by the Debtor in order to prevent any further enforcement action by Customs and to preserve the going concern value of its business.

14.    The Debtor negotiated the sale of its business to a strategic buyer, LDR Global Industries, LLC, in order to maximize the recovery by its creditors.

15.    On February 26, 2015, the Court approved the sale of the Debtor's operating assets to LDR Global Industries, LLC, and the sale was finalized and closed on February 27, 2015.

16.    The sale of substantially all of the Debtor's assets not only satisfied its secured creditor, JPMorgan Chase, N.A. ("JPMC"), with respect to the obligations for which the Debtor is primarily liable, but left its estate with a substantial amount of funds to distribute to its unsecured creditors.

17.    Since that time, Silverman has assisted the Debtor with winding down its estate, reviewing the Debtor's monthly financial statements, providing general advice concerning post-petition financial matters, assisting with replacing the letter of credit issued for the benefit of the

- 3 -

Debtor's surety, and making preparations to serve as liquidating trustee under the Debtor's confirmed plan.

## II.    SUMMARY OF SERVICES RENDERED

18.    By this Application, Silverman seeks approval and payment for a total of 9.4 hours of services rendered during the Fee Period.  Silverman provided advisory services to the Debtor during the Fee Period in connection with the following types of financial matters:

    (a)    assisted the Debtor with the replacement letter of credit issued for the benefit of Hanover Insurance, a surety of the Debtor; and

    (b)    conferred with Debtor's counsel and accountant regarding outstanding issues for the estate and details relating to the Liquidating Trust and work with Wintrust Bank to convert the Debtor's bank accounts to the Liquidating Trust.

Given the modest amount of services provided during the fee period, Silverman has not undertaken to divide them into separate categories since they can readily be discussed and evaluated together.

19.    During the May 1, 2016 through October 31, 2016 period, Silverman assisted the Debtor in replacing the letter of credit issued on behalf of the Debtor's surety, Hanover Insurance Company.  These efforts involved direct communications with the Debtor's existing secured creditor, JP Morgan Chase Bank and the issuer of the replacement letter of credit, Hinsdale Bank & Trust, to successfully coordinate the transaction details.  In addition, Silverman provided assistance with the proposed Liquidating Trust Agreement, planned for the transition to the liquidating trust, and worked with Wintrust Bank to ensure a smooth transition of the bank accounts to the Liquidating Trust.  Hassaan Mansoor provided all of the services on behalf of Silverman at a rate of $230 per hour.

20.    Statements itemizing the individual services rendered by Silverman during the Fee Period are annexed hereto as Exhibit A.

21.    Silverman incurred no expenses during the Fee Period for which it seeks reimbursement.

### IV.    STATEMENT PURSUANT TO SECTION 504 AND BANKRUPTCY RULE 2016(b)

22.    The services that Silverman provided were required for the necessary and appropriate representation of the Debtor in this case and were authorized by order of this Court. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applied standards of the time, nature, extent and value of the services performed, the services provided by Silverman are compensable from the Debtor's estate.

23.    There has been no duplication of services by Silverman or its professionals.

24.    All services of Silverman were provided exclusively to the Debtor and to no other parties.  Neither Silverman nor any of its professionals have any connection with any party in interest, their attorneys or accountants, other than as disclosed in the affidavit of Michael Silverman filed pursuant to Bankruptcy Rule 2014.

25.    No agreement exists between Silverman and any other person for the sharing of compensation to be received by Silverman in these cases during the Fee Period, except as may be allowed by Section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among partners of Silverman.

26.    The nature of the issues presented in the Debtor's chapter 11 case required a financial advisor for the Debtor.  This case required Silverman's professionals to devote substantial time and effort to properly represent the Debtor and the interests of its estate with regard to financial matters while the Debtor was operating its business, with decreasing amounts

of services required as the Debtor worked towards confirming its chapter 11 plan. Hassaan Mansoor of Silverman will serve as liquidating trustee under the confirmed plan.

27.    Silverman seeks compensation for its services at usual and customary rates charged for services, both in and out of bankruptcy proceedings, performed for other clients of the firm. Silverman's rates are commensurate with other firms of comparable expertise.

28.    One Silverman professional was involved in representing the Debtor as financial advisor during the Fee Period. Hassaan Mansoor is a principal at Silverman, and he has financial and accounting experience across numerous industries including manufacturing, consumer products, real estate, advertising, technology, not-for-profit organizations, health care and financial services (including hedge funds). Mr. Mansoor assists his clients in improving profitability by implementing operational and organizational changes to cull out unprofitable business and analyzes cost structures to eliminate unnecessary overhead. Mr. Mansoor also assists his clients with liquidity management by reviewing financial budgets, assembling short and long term cash flow models and negotiating with vendors to maximize liquidity while still ensuring delivery of product. Mr. Mansoor, a CPA, received a Bachelor of Science in Accounting and Finance from Indiana University - Bloomington and a Master of Business Administration from the University of Chicago Booth School of Business.

29.    Hassaan Mansoor provided a total of 9.4 hours of services at a rate of $230.00 per hour during the Fee Period, for which $2,162.00 is sought.

### V.    PAYMENT OF REQUESTED COMPENSATION FROM FUNDS OF THE LIQUIDATING TRUST

30.    Silverman requests that the Liquidating Trustee pay the additional compensation awarded under this Final Fee Application from funds in the Liquidating Trust.

## VI.    NOTICE

31.     Silverman has given twenty-one days' notice of this Application to the Debtor, the Liquidating Trustee, all creditors, the U.S. Trustee, and to all parties that have appeared or requested notice pursuant to Bankruptcy Rule 2002 in compliance with the requirements of Bankruptcy Rule 2002(a)(6).

## VII.    CONCLUSION

32.     For all of the reasons set forth in this application, Silverman respectfully submits that the services rendered during this case have been reasonably expended in order to adequately represent and protect the interests of the Debtor and its estate.  Silverman submits further that it has provided such services in an economical and efficient manner. Accordingly, Silverman requests that the relief requested in this Application be granted in all respects.

WHEREFORE, Silverman respectfully requests that this Court enter an order:

(i)     allowing Silverman's requested additional compensation in the amount of $2,162.00 for the period of May 1, 2016 through October 31, 2016;

(ii)     authorizing and directing the Liquidating Trustee to pay the additional amounts awarded to Silverman from the funds of the Liquidating Trust;

(iii)     confirming the interim compensation and expense reimbursement previously awarded to Silverman; and

(iii)     granting such other relief as may be appropriate and just in the circumstances.

- 7 -

Dated:  November 8, 2016

Respectfully submitted:

LDR INDUSTRIES, LLC.

By:   /s/Stephen T. Bobo
                One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, does hereby certify that on November 8, 2016, I caused a copy of the foregoing APPLICATION OF SILVERMAN CONSULTING FOR ALLOWANCE OF FINAL COMPENSATION AS FINANCIAL ADVISOR TO LDR INDUSTRIES, LLC, to be filed in the above-captioned proceeding.  Notice of this filing was sent to the parties via the method indicated on the attached service list.

<u>    /s/Stephen T. Bobo</u>
Stephen T. Bobo

## <u>SERVICE LIST</u>

| Service Party: | Method of Service: |
|---|---|
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | via ECF |
| David A. Warfield<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>dwarfield@thompsoncoburn.com | via ECF |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Michael.kelly@usdoj.gov | via ECF |
| Scott D. Fink<br>Monette W. Cope<br>Weltman, Weinberg & Reis Co., L.P.A.<br>Lakeside Place, Suite 200<br>323 W. Lakeside Avenue<br>Cleveland, OH 44113-1033 | via ECF |
| Thomas S. Leo<br>Michael J. Dudek<br>Leo & Weber, P.C.<br>One N. LaSalle St., Ste. 3600<br>Chicago, IL 60602 | via ECF |
| Central States<br>477 Thomas Drive<br>Bensenville, IL 60107 | via U.S. first class mail |
| E-Z Weld Inc.<br>1661 Old Dixie Hwy<br>Riviera Beach, FL 33404 | via U.S. first class mail |
| Reliable Staffing Services, Inc.<br>dba Flexible Staffing<br>870 Oak St.<br>Lake in the Hills, IL 60156 | via U.S. first class mail |

| | |
|---|---|
| Genova Products<br>Attn:  Barry Brang<br>7304 East Court Street<br>PO Box 309<br>Davison, MI 48423-0309<br>FAX: (810) 744-1653 | via U.S. first class mail |
| Tri-State Pallet Logistics, LLC<br>P.O. Box. 7055<br>Defiance, Ohio 43512 | via U.S. first class mail |
| William H. Harvey Company<br>4334 S. 67th St<br>Omaha, NE 68117 | via U.S. first class mail |
| Zoeller Pump Company<br>3649 Cane Run Road<br>Louisville, KY 40211 | via U.S. first class mail |
| Storm International, Ltd.<br>Cixi Storm Showers Co. Ltd.<br>No.777, Yu'an Rd.<br>Tianyuan Industrial Zone<br>Tianyuan Town<br>Cixi 315325, China<br>office@stormshower.com | via U.S. first class mail and e-mail |
| MTD (USA) Corp. (zhehiang)<br>Zhejiang Minmetals Sanhe I/E Co. Ltd.<br>310 North Zhong Shan Road, Rm 1014<br>Hangzhou China 310003<br>leway@189.cn | via U.S. first class mail and e-mail |
| Ningbo Guoyang Hardware Co, Ltd.<br>No 35 Jinshan Rd Xinxing<br>Industry Zone Ninghai Of Ningbo<br>Ningbo, CHINA<br>susan@diorglobal.com | via U.S. first class mail and e-mail |
| Ningbo Runner Industrial Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |

- 3 -

| | |
|---|---|
| Pannext Fittings Corporation<br>6833 W. Sam Houston Pkwy South Suite 206<br>Houston, TX 77072<br>myuan@pannext.com | via U.S. first class mail and e-mail |
| Sannuotop Industrial Co. Ltd<br>No.109 HengGang Rod, Private Industrial Park,<br>QiuAai Town ,YinZhou District ,Ningbo City,<br>Zhejiang Province, China 315000<br>sam_sannuotop@yahoo.com | via U.S. first class mail and e-mail |
| Shanghai Whitford SanityWare Co, Ltd.<br>No. 2189 Panchuan Road<br>Baoshan Shanghai  China<br>sales@shwhitford.com | via U.S. first class mail and e-mail |
| WellMade Faucets Corp.<br>No. 63 Lane 754 Sec 2<br>Chang Ho Rd.<br>Changhua City, Taiwan<br>gary.everlotus@163.com<br>hq.proci@msa.hinet.net | via U.S. first class mail and e-mail |
| Winvest Enterprise Ltd.<br>No. 68 Lane 101, KO chuang St.,<br>Chung KO Village, Hautang Hsien<br>Change HWA City, Taiwan<br>Postal Code 50353<br>yvonnegao2012@126.com | v via U.S. first class mail and e-mail |
| Xiamen Runner Ind. Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Xuzhou Global Pipe & Fitting Manufacturing Co., Ltd.<br>No.6 Jingmahe Branch Road, Xuzhou Economic<br>Development Zone, Jiangsu, China<br>Attn:  Wubaoting<br>huanqiu@xzhuanqiu.com | via U.S. first class mail and e-mail |
| Yuhuan Jianglin Plumbing Hose & Parts Co, Ltd.<br>Packaging Industrial Zone,<br>Yuhuan, Zhejiang, China<br>parts@cnjianglin.com | via U.S. first class mail and e-mail |

| Sears, Roebuck and Co./Kmart Corporation<br>Ryan Chapman<br>Sears Holdings Management Corporation<br>3333 Beverly Road, B6-311A<br>Hoffman Estates, IL 60179<br>ryan.chapman1@searshc.com | via U.S. first class mail and e-mail |
| --- | --- |