## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF HEARING

To:     See attached Service List

PLEASE TAKE NOTICE that on **December 1, 2016**, at **10:00 a.m.**, the undersigned shall appear before the Honorable Pamela S. Hollis, or any Judge sitting in her stead, in courtroom 644, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **APPLICATION OF DAVID POLLANS FOR ALLOWANCE OF FINAL COMPENSATION AS ACCOUNTANT FOR LDR INDUSTRIES, LLC** a copy of which is attached hereto and herewith served upon you, and shall then and there pray for the entry of an Order in conformity with the prayer of said pleadings.

Dated: November 8, 2016

Respectfully submitted:

LDR INDUSTRIES, LLC.

By:   /s/Stephen T. Bobo
        One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

**SUMMARY SHEET FOR THE APPLICATION OF
DAVID POLLANS FOR ALLOWANCE OF FINAL
COMPENSATION AS ACCOUNTANT FOR LDR INDUSTRIES, LLC**

Name of Applicant:                     David Pollans, accountant for the Debtor.

Period for which additional
professional fees are sought:          May 1, 2016 through October 31, 2016

Amount of additional professional
compensation sought:                   $17,745.00

This is a:                             <u>Final Application</u>

- 2 -

## HOURS AND AMOUNT BY TIMEKEEPER

| TIMEKEEPER | HOURS | AMOUNT |
|---|---|---|
| David Pollans | 118.30 | $17,745.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

**APPLICATION OF DAVID POLLANS FOR ALLOWANCE OF FINAL
COMPENSATION AS ACCOUNTANT FOR LDR INDUSTRIES, LLC**

David Pollans ("Pollans") submits his Application for Allowance of Final Compensation as accountant for LDR Industries, LLC (the "Debtor"), including additional compensation for the period beginning May 1, 2016 through and including October 31, 2016 (the "Fee Period") pursuant to Sections 330 and 331 of the Bankruptcy Code. Pollans seeks payment of $17,745.00 as additional compensation for the Fee Period and confirmation of the interim compensation and expense reimbursement previously awarded to him. In support of its application, Pollans represents as follows:

## I.     BACKGROUND AND CASE STATUS

1.     On September 2, 2014, LDR Industries, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2.     Since then, the Debtor has continued to operate its business and manage its affairs as debtor-in-possession.

3.     The Debtor retained Pollans as accountant for the Debtor following the sale of its business because of his familiarity and long experience with the Debtor's books and records, transactions, and systems. The Debtor and the Debtor's bankruptcy counsel believed that Pollans could assist the Debtor by closing out its books, supporting resolution of issues with

US_ACTIVE-121400851.2-MAMICKEY

various creditors, including U.S. Customs and Border Protection, and preparing monthly reports and tax returns for the Debtor.

4.      This Court entered an Order approving the retention and employment of Pollans as accountant for the Debtor on February 18, 2016 *nunc pro tunc* to March 2, 2015 [Docket No. 223].

5.      Pollans has been employed by the Debtor as accountant pursuant to Section 327 of the Bankruptcy Code, and is entitled to compensation on an hourly basis, plus reimbursement of actual and necessary expenses to the extent that they have been incurred. This is Pollans' Final Fee Application.

6.      The order entered by this Court on February 18, 2016 granted Pollans' first request for interim compensation in the amount of $39,375 for accounting services provided during the period of March 2, 2015 through August 31, 2015.

7.      On June 30, 2016, the Court granted Pollans second application for interim compensation in the amount of $18,825.00 for accounting services performed during the period of September 1, 2015 through April 30, 2016.

8.      Pollans has not filed any Monthly Fee Requests for monthly payments for his services during the current Fee Period pursuant to the Compensation Procedures Order entered in this case.

9.      The Debtor was an importer, distributor and wholesaler of plumbing fixtures and supplies. The Debtor bought products from both foreign and U.S. companies and distributed to retail stores such as Home Depot and Lowes.

10.     For most of its existence, the Debtor was a profitable company. Although sales volume softened in recent years, with annual net sales falling from $73.6 million in 2010 to $65 million in 2013, the company maintained its operating margins at a consistent level.

11.     The filing of this chapter 11 proceeding was necessitated by a dispute concerning duties assessed by the U.S. Customs and Border Protection ("Customs"). Bankruptcy protection was required by the Debtor in order to prevent any further enforcement action by Customs and to preserve the going concern value of its business.

12.     The Debtor negotiated the sale of its business to a strategic buyer, LDR Global Industries, LLC, in order to maximize the recovery by its creditors.

13.     On February 26, 2015, the Court approved the sale of the Debtor's operating assets to LDR Global Industries, LLC, and the sale was finalized and closed on February 27, 2015.

14.     The sale of substantially all of the Debtor's assets not only satisfied its secured creditor, JPMorgan Chase, N.A. ("JPMC"), with respect to the obligations for which the Debtor is primarily liable, but left its estate with a substantial amount of funds to distribute to its unsecured creditors.

15.     After the closing of the sale, Pollans has assisted the Debtor with winding down its estate, closing out its books, preparing the Debtor's monthly financial reports, assisting with various claim and surety issues, providing information concerning post-petition financial matters, supporting the Debtor's efforts to confirm its chapter 11 plan, and preparing for the transition to the Liquidating Trust under the Debtor's plan.

## II.   SUMMARY OF SERVICES RENDERED

16.    By this Application, Pollans seeks approval and payment for a total of 118.3 hours of services rendered during the Fee Period.  Pollans provided accounting services to the Debtor during the Fee Period in connection with the following types of financial matters:

(a)    provided general accounting services to the Debtor, including the regular reconciliation of its account activity, closing out of its books and records, assisting with the closure of the Debtor's former operations in Taiwan, and transfer of bank accounts;

(b)    prepared monthly reports and tax returns for the Debtor;

(c)    conferred with Debtor's counsel and assisted on details relating to various surety, Customs and general creditor issues;

(d)    provided details regarding the Debtor's payments to insiders during the year before the bankruptcy filing;

(e)    summarized creditors whose claims were assumed and paid by the buyer of assets;

(f)    assisted Debtor's counsel regarding details of the relationships with its sureties and replacing the outstanding letter of credit issued to one of the sureties; and

(g)    planned for dissolution of the Debtor and preparation of final tax returns.

Given the relatively narrow scope of services provided during the Fee Period and the moderate amount of compensation requested, Pollans has not undertaken to divide the services into separate categories since they can readily be discussed and evaluated together.

17.    During the May 2016 through October 31, 2016 period, Pollans provided various accounting services to the Debtor including reconciling transactions in its accounts, transferring the bank accounts, closing out of its books and records following the sale of its business and assisting with the closure of the Debtor's former Taiwan operations.  Pollans prepared tax returns and monthly reports for the Debtor.  In addition, Pollans assisted the Debtor and its counsel in efforts to resolve creditor issues by providing and reviewing documents relating to

various entries of imported goods in dispute with Customs, a number of insurance subrogation claims, and creditors whose claims had already been fully satisfied. Pollans also gathered and reviewed information relating to the Debtor's Customs bonds with Hanover Insurance and the letter of credit collateralizing it and assisted the Debtor's efforts to replace that letter of credit. Pollans also supported the Debtor's counsel's review of payments to insiders before the bankruptcy filing.

18.     Statements itemizing the individual services rendered by Pollans for each month of the Fee Period are annexed hereto as Exhibit A.

19.     Pollans incurred no expenses during the Fee Period for which he seeks reimbursement.

## IV.     STATEMENT PURSUANT TO SECTION 504 AND BANKRUPTCY RULE 2016(b)

20.     The services that Pollans provided were required for the necessary and appropriate representation of the Debtor in this case and were authorized by order of this Court. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applied standards of the time, nature, extent and value of the services performed, the services provided by Pollans are compensable from the Debtor's estate.

21.     There has been no duplication between services provided by Pollans with those of any other professional for the Debtor.

22.     All of Pollans' services were provided exclusively to the Debtor and to no other parties. Pollans has no connection with any party in interest, their attorneys or accountants, other than as disclosed in the affidavit of David Pollans filed pursuant to Bankruptcy Rule 2014.

23. No agreement exists between Pollans and any other person for the sharing of compensation to be received by Pollans in these cases during the Fee Period, except as may be allowed by Section 504 of the Bankruptcy Code and Bankruptcy Rule 2016.

24. The nature of the issues presented in the Debtor's chapter 11 case required an accountant for the Debtor. This case has required Pollans to devote substantial time and effort to properly represent the Debtor and the interests of its estate with regard to a range of accounting issues.

25. Pollans seeks compensation for its services at a rate of $150 per hour. This rate compares favorably with other accountants having comparable experience and expertise.

26. Pollans personally provided all of the services included in this Fee Period, which total 118.3 hours. At his rate of $150 per hour, Pollans seeks additional compensation totaling $17,745.00 for the Feed Period in this application, as well as confirmation of the interim compensation previously awarded to him.

## V.   PAYMENT OF REQUESTED COMPENSATION FROM FUNDS OF THE LIQUIDATING TRUST

27. Pollans requests that the Liquidating Trustee pay the compensation awarded under this Final Fee Application from funds on hand in the Liquidating Trust.

## VI.   NOTICE

28. Pollans has given twenty-one days' notice of this Application to the Debtor, the Liquidating Trustee, all creditors, the U.S. Trustee, and to all parties that have appeared or requested notice pursuant to Bankruptcy Rule 2002 in compliance with the requirements of Bankruptcy Rule 2002(a)(6).

## VII.   CONCLUSION

29.     For all of the reasons set forth in this application, Pollans respectfully submits that the services rendered during this case have been reasonably expended in order to adequately represent and protect the interests of the Debtor and its estate.  Pollans submits further that it has provided such services in an economical and efficient manner. Accordingly, Pollans requests that the relief requested in this Application be granted in all respects.

WHEREFORE, Pollans respectfully requests that this Court enter an order:

(i)     allowing Pollans' requested additional compensation in the amount of $17,745.00 for the period of May 1, 2016 through October 31, 2016;

(ii)     authorizing and directing the Liquidating Trustee to pay the amount awarded to Pollans from funds in the Liquidating Trust;

(iii)     confirming the amounts of interim compensation previously awarded to Pollans; and

(iv)     grant such other relief as may be appropriate and just in the circumstances.

Dated:  November 8, 2016                    Respectfully submitted:

                                             LDR INDUSTRIES, LLC.

                                             By:   /s/Stephen T. Bobo
                                                   One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that on November 8, 2016, I caused a copy of the foregoing NOTICE OF HEARING and APPLICATION OF DAVID POLLANS FOR ALLOWANCE OF FINAL COMPENSATION AS ACCOUNTANT FOR LDR INDUSTRIES, LLC, to be filed in the above-captioned proceeding.  Notice of this filing was sent to the parties via the method indicated on the attached service list.

/s/Stephen T. Bobo
Stephen T. Bobo

## SERVICE LIST

| Service Party: | Method of Service: |
|---|---|
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | via ECF |
| David A. Warfield<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>dwarfield@thompsoncoburn.com | via ECF |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Michael.kelly@usdoj.gov | via ECF |
| Scott D. Fink<br>Monette W. Cope<br>Weltman, Weinberg & Reis Co., L.P.A.<br>Lakeside Place, Suite 200<br>323 W. Lakeside Avenue<br>Cleveland, OH 44113-1033 | via ECF |
| Thomas S. Leo<br>Michael J. Dudek<br>Leo & Weber, P.C.<br>One N. LaSalle St., Ste. 3600<br>Chicago, IL 60602 | via ECF |
| Central States<br>477 Thomas Drive<br>Bensenville, IL 60107 | via U.S. first class mail |
| E-Z Weld Inc.<br>1661 Old Dixie Hwy<br>Riviera Beach, FL 33404 | via U.S. first class mail |
| Reliable Staffing Services, Inc.<br>dba Flexible Staffing<br>870 Oak St.<br>Lake in the Hills, IL 60156 | via U.S. first class mail |

| | |
|---|---|
| Genova Products<br>Attn: Barry Brang<br>7304 East Court Street<br>PO Box 309<br>Davison, MI 48423-0309<br>FAX: (810) 744-1653 | via U.S. first class mail |
| Tri-State Pallet Logistics, LLC<br>P.O. Box. 7055<br>Defiance, Ohio 43512 | via U.S. first class mail |
| William H. Harvey Company<br>4334 S. 67th St<br>Omaha, NE 68117 | via U.S. first class mail |
| Zoeller Pump Company<br>3649 Cane Run Road<br>Louisville, KY 40211 | via U.S. first class mail |
| Storm International, Ltd.<br>Cixi Storm Showers Co. Ltd.<br>No.777, Yu'an Rd.<br>Tianyuan Industrial Zone<br>Tianyuan Town<br>Cixi 315325, China<br>office@stormshower.com | via U.S. first class mail and e-mail |
| MTD (USA) Corp. (zhehiang)<br>Zhejiang Minmetals Sanhe I/E Co. Ltd.<br>310 North Zhong Shan Road, Rm 1014<br>Hangzhou China 310003<br>leway@189.cn | via U.S. first class mail and e-mail |
| Ningbo Guoyang Hardware Co, Ltd.<br>No 35 Jinshan Rd Xinxing<br>Industry Zone Ninghai Of Ningbo<br>Ningbo, CHINA<br>susan@diorglobal.com | via U.S. first class mail and e-mail |
| Ningbo Runner Industrial Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |

| | |
|---|---|
| Pannext Fittings Corporation<br>6833 W. Sam Houston Pkwy South Suite 206<br>Houston, TX 77072<br>myuan@pannext.com | via U.S. first class mail and e-mail |
| Sannuotop Industrial Co. Ltd<br>No.109 HengGang Rod, Private Industrial Park,<br>QiuAai Town ,YinZhou District ,Ningbo City,<br>Zhejiang Province, China 315000<br>sam_sannuotop@yahoo.com | via U.S. first class mail and e-mail |
| Shanghai Whitford SanityWare Co, Ltd.<br>No. 2189 Panchuan Road<br>Baoshan Shanghai  China<br>sales@shwhitford.com | via U.S. first class mail and e-mail |
| WellMade Faucets Corp.<br>No. 63 Lane 754 Sec 2<br>Chang Ho Rd.<br>Changhua City, Taiwan<br>gary.everlotus@163.com<br>hq.proci@msa.hinet.net | via U.S. first class mail and e-mail |
| Winvest Enterprise Ltd.<br>No. 68 Lane 101, KO chuang St.,<br>Chung KO Village, Hautang Hsien<br>Change HWA City, Taiwan<br>Postal Code 50353<br>yvonnegao2012@126.com | v via U.S. first class mail and e-mail |
| Xiamen Runner Ind. Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Xuzhou Global Pipe & Fitting Manufacturing Co., Ltd.<br>No.6 Jingmahe Branch Road, Xuzhou Economic<br>Development Zone, Jiangsu, China<br>Attn:  Wubaoting<br>huanqiu@xzhuanqiu.com | via U.S. first class mail and e-mail |
| Yuhuan Jianglin Plumbing Hose & Parts Co, Ltd.<br>Packaging Industrial Zone,<br>Yuhuan, Zhejiang, China<br>parts@cnjianglin.com | via U.S. first class mail and e-mail |

| | |
|---|---|
| Sears, Roebuck and Co./Kmart Corporation<br>Ryan Chapman<br>Sears Holdings Management Corporation<br>3333 Beverly Road, B6-311A<br>Hoffman Estates, IL 60179<br>ryan.chapman1@searshc.com | via U.S. first class mail and e-mail |