## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

### NOTICE OF HEARING

To:     See attached Service List

PLEASE TAKE NOTICE that on **December 1, 2016**, at **10:00 a.m.**, the undersigned shall appear before the Honorable Pamela S. Hollis, or any Judge sitting in her stead, in courtroom 644, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **APPLICATION OF ADDUCI, MASTRIANI & SCHAUMBERG, LLP FOR ALLOWANCE OF FINAL COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO LDR INDUSTRIES, LLC** a copy of which is attached hereto and herewith served upon you, and shall then and there pray for the entry of an Order in conformity with the prayer of said pleadings.

Dated: November 8 , 2016

Respectfully submitted:

LDR INDUSTRIES, LLC.

By: /s/ Stephen T. Bobo
          One of its attorneys

Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

**SUMMARY SHEET FOR THE APPLICATION OF ADDUCI, MASTRIANI &
SCHAUMBERG, LLP FOR ALLOWANCE OF FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS  SPECIAL CUSTOMS COUNSEL TO LDR INDUSTRIES, LLC**

Name of Applicant:                    Adduci, Mastriani & Schaumberg, LLP as Special
                                      Customs Counsel to the Debtor.

Period for which additional
professional fees and expenses are sought:   May 1, 2016 through October 31, 2016

Amount of additional professional
compensation sought:                 $33,655.95[1]

Amount of additional expense
Reimbursement sought
as actual, reasonable and necessary:   $691.36

This is a:                            Final Application

| PRIOR APPLICATIONS | FEES REQUESTED | EXPENSES REQUESTED |
|---|---|---|
| First Application of Adduci  [Docket No. 154]. | $76,878.00 | $308.52 |
| Second Application of Adduci  [Docket No. 199]. | $66,991.50 | $108.77 |
| Third Application of Adduci  [Docket No. 231]. | $78,905.70 | $482.55 |

---

[1] Adduci, Mastriani & Schaumberg, LLP has applied a 10% discount.  The figure above represents a 10% discount
of $3,739.55 from a total of $37,395.50.

## HOURS BY TIMEKEEPER

| | Rate | Hours | Amount |
|---|---|---|---|
| Munford Page Hall, II | $775.00 | 38.8 | $30,070.00 |
| Will C. Sjoberg | $595.00 | 10.4 | $6,188.00 |
| James Ton-that | $325.00 | 3.5 | $1,137.50 |
| TOTAL | | | |

- 2 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

## APPLICATION OF ADDUCI, MASTRIANI & SCHAUMBERG, LLP FOR ALLOWANCE OF FINAL COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO LDR INDUSTRIES, LLC

Adduci, Mastriani & Schaumberg, LLP ("Adduci") submits its Application for Allowance of Final Compensation and for Reimbursement of Expenses as Special Counsel to the LDR Industries, LLC (the "Debtor"), including additional compensation and expense reimbursement for the period beginning May 1, 2016 through and including October 31, 2016 (the "Fee Period") pursuant to Sections 330 and 331 of the Bankruptcy Code. Adduci seeks payment of $33,655.95 as additional compensation and additional expense reimbursement in the amount of $691.36 for the Fee Period and confirmation of the interim professional compensation and expense reimbursement previously awarded to Adduci. In support of its application, Adduci represents as follows:

### I.    BACKGROUND AND CASE STATUS

1.    On September 2, 2014 ("Petition Date") LDR Industries, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2.    Since the Petition Date, the Debtor has continued to operate its business and manage its affairs as debtor-in-possession.

3.    This Court entered an Order approving the retention and employment of Adduci as special counsel to the Debtor on September 25, 2014 *nunc pro tunc* to September 2, 2014 [Docket No. 67].

4.    Adduci has been employed by the Debtor as special counsel on customs issues pursuant to Section 327 of the Bankruptcy Code, and is entitled to compensation on an hourly basis, plus reimbursement of actual and necessary expenses.   This is Adduci's Final Application for fees and expenses in this case.

5.    On April 24, 2015, Adduci filed its First Interim Application for compensation for the period September 2, 2014 through February 28, 2015.  [Docket No. 154].  On May 27, 2015, this Court awarded Adduci interim compensation in the amount of $76,878.00 and expense reimbursement in the amount of $308.52.

6.    On November 20, 2015, Adduci filed its Second Interim Application for compensation for the period March 1, 2015 through August 31, 2015.  [Docket No. 199].  On December 15, 2015, this Court awarded Adduci interim compensation in the amount of $66,991.50 and expense reimbursement in the amount of $108.77.

7.    On June 6, 2016 Adduci filed its Third Interim Application for compensation for the period September 1, 2015 through April 30, 2016.  [Docket No. 231].  On June 30, 2016, this Court awarded Adduci interim compensation in the amount of $78,905.70 and expense reimbursement in the amount of $482.55.

8.    Adduci has not filed Monthly Fee Requests for monthly payments of its invoices during the Fee Period pursuant to the Compensation Procedures Order entered on September 25, 2014.

9.      The Debtor was an importer, distributor and wholesaler of plumbing fixtures and supplies.  The Debtor bought products from both foreign and U.S. companies and distributes to retail stores such as Home Depot and Lowes.

10.     For most of its existence, the Debtor was a profitable company.  Although sales volume had softened in recent years, with annual net sales falling from $73.6 million in 2010 to $65 million in 2013, the company maintained its operating margins at a consistent level.

11.     The filing of this chapter 11 proceeding was necessitated by a dispute concerning duties assessed by the U.S. Customs and Border Protection ("Customs").  Bankruptcy protection was required by the Debtor in order to prevent any further enforcement action by Customs and to preserve the going concern value of its business.

12.     The Debtor negotiated the sale of its business to a strategic buyer, LDR Global Industries, LLC, in order to maximize the recovery by its creditors.

13.     On February 26, 2015, the Court approved the sale of the Debtor's operating assets to the buyer, and the sale was finalized and closed on February 27, 2015.  Substantially all of the Debtor's assets were sold at a sufficient price to fully satisfy its secured creditor, JPMorgan Chase, N.A. ("JPMC") and left the Debtor's estate with a substantial amount of funds to distribute to its unsecured creditors.  In addition, the buyer assumed a significant portion of the ordinary course liabilities of the business, greatly reducing the pool of unsecured claims against the Debtor's estate.

14.     Since that time, Adduci has assisted the Debtor with a variety of Customs-related issues including protests of duties imposed on certain entries, assisting with the negotiation of an overall settlement with Customs, evaluating the Debtor's potential exposure on outstanding

unliquidated entries, and dealing with issues relating to the Debtor's sureties and their potential claims against the Debtor.

## II.     SUMMARY OF SERVICES RENDERED

15.     By this Application, Adduci seeks approval and payment for a total of 52.7 hours of additional services rendered and for reimbursement for additional expenses incurred during the Fee Period.    Adduci represented the Debtor in connection with the following types of Customs matters during the Fee Period:

(a)     worked with the Debtor's bankruptcy counsel to finalize the overall settlement of the disputed claim filed by Customs in this case;

(b)     reviewed the impact of the ruling by Customs on the Debtor's protests of Customs' incorrect liquidations of certain entries of goods made in 2012;

(c)     additional review of potential claims against the Debtor's sureties, their potential claims against the Debtor, and their recourse to outstanding letters of credit;

(d)     assist bankruptcy counsel in preparation of objections to a substantial shipper's claim and to the claim of Customs;

(e)     conferred with bankruptcy counsel on issues relating to the Debtor's dispute with Hanover Insurance Company and review and comment on the draft adversary complaint against Hanover; and

(f)     review pending unliquidated entries and estimate the Debtor's potential liability for Customs duties.

16.     Because of Adduci's limited amount of services provided during the Fee Period, and the lack of concentration of those services among the categories of services outlined above, Adduci has not organized its statement of services by subject matter.    Adduci's monthly statements are annexed hereto as Exhibit A and incorporated herein by reference.

## III.     STATEMENT OF EXPENSES INCURRED

- 4 -

17.     Adduci seeks additional reimbursement for expenses incurred during the Fee Period totaling $691.36.  These expenses primarily consist of online legal research charges in connection with Customs duty issues plus a small Federal Express charge.  Adduci submits that these expenses were necessarily and appropriately incurred in connection with its representation of the Debtor in this case.  A detailed listing of these expenses is included in the invoices attached hereto as Exhibit A.

### IV.    STATEMENT PURSUANT TO SECTION 504 AND BANKRUPTCY RULE 2016(b)

18.     The services that Adduci provided were required for the necessary and appropriate representation of the Debtor in this case and were authorized by order of this Court. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applied standards of the time, nature, extent and value of the services performed, the services provided by Adduci are compensable from the Debtor's estate.

19.     There has been no duplication of services by the Adduci attorneys.  In those limited instances where more than one attorney participated in any matter, such joint participation was necessary because of the nature and scope of the issues, the allocation of responsibility for issues, and time constraints that existed.

20.     All services of Adduci were provided exclusively to the Debtor and to no other parties.  Neither Adduci nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as disclosed in the affidavit of Munford Page Hall, II filed pursuant to Bankruptcy Rule 2014.

21.     No agreement exists between Adduci and any other person for the sharing of compensation to be received by Adduci in these cases, except as may be allowed by Section

504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among partners of Adduci.

22. The nature of the issues presented in the Debtor's chapter 11 case required experienced Customs and international trade representation for the Debtor. This case has required Adduci's attorneys to devote substantial time and effort to properly represent the Debtor and the interests of its estate with regard to Customs matters.

23. Adduci seeks compensation for its services at usual and customary rates charged for services, both in and out of bankruptcy proceedings, performed for other clients of the firm. Adduci's rates are commensurate with other firms of comparable expertise. Adduci has given the Debtor a 10% courtesy fee reduction for its services in this case.

24. Two Adduci partners have been primarily involved in representing the Debtor as special counsel during the Fee Period. The head of the Adduci team for the Debtor is Munford Page Hall, II, who has over 30 years of involvement in the entire range of customs and international trade law. He has extensive experience practicing before Customs, U.S. Immigration and Customs Enforcement, the U.S. Department of Commerce, the ITC, the Office of the U.S. Trade Representative, the CIT and the U.S. Court of Appeals for the Federal Circuit. Mr. Hall has represented clients across a wide variety of industries, including the aviation, automotive, chemical, electronics, food, household products, petroleum, pharmaceutical, steel, telecommunications and textile industries, in connection with Customs and international trade issues. Specifically, his Customs practice includes classification and valuation of merchandise, country of origin determinations, preference program eligibility, and other import compliance issues. Additionally, his international trade experience includes ITC litigation, antidumping and countervailing duty orders, export control, and legislative and

- 6 -

administrative lobbying.  Will Sjoberg is a partner with the Adduci firm.  He is an international trade attorney with a focus on antidumping duties and countervailing duties.  In addition, James Ton-that is an associate at Adduci with experience in international trade issues who conducted some legal research work.

25.     On an overall basis, Munford Page Hall, II provided a total of 38.8 hours of services at a rate of $775.00 per hour, for which a total of $27,063 is sought as additional compensation.  Will Sjoberg provided a total of 10.4 hours of services at a rate of $595.00 an hour during the Fee Period for which a total of $5,569.20 is sought as additional compensation.  James Ton-that provided 3.5 hours of services at a rate of $325 during the Fee Period for which $1,023.75 is sought as additional compensation.   These requested compensation amounts include Adduci's 10% courtesy discount offered to the Debtor on its fees.

## V.     PAYMENT OF REQUESTED COMPENSATION FROM FUNDS OF THE DEBTOR

26.     In this Final Fee Application, Adduci seeks payment of $33,655.95 as additional compensation and $691.36 in additional expense reimbursement for services provided and expenses incurred during the Fee Period.   If the Court approves Adduci's Final Fee Application, Adduci requests that the Liquidating Trustee pay the additional compensation awarded under it from funds on hand in the Liquidating Trust.

## VI.     NOTICE

27.     Adduci has given twenty-one days' notice of this Application to the Debtor, the Liquidating Trustee, all creditors, the U.S. Trustee, and to all parties that have appeared or requested notice pursuant to Bankruptcy Rule 2002 in compliance with the requirements of Bankruptcy Rule 2002(a)(6).

## VII.    CONCLUSION

28.    For all of the reasons set forth in this application, Adduci respectfully submits that

the services rendered during this case have been reasonably expended in order to adequately

represent and protect the interests of the Debtor and its estate.    Adduci submits further that it

has provided such services in an economical and efficient manner.    Accordingly, Adduci

requests that the relief requested in this Application be granted in all respects.

WHEREFORE, Adduci respectfully requests that this Court enter an order:

(i)    allowing Adduci's requested additional compensation in the amount of

$33,655.95 and additional reimbursement of expenses in the amount of $691.36, for a total

amount requested of $34,347.31 for the period of May 1, 2016 through October 31, 2016;

(ii)    authorizing and directing the Liquidating Trustee to pay the amounts awarded to

Adduci from cash in the Liquidating Trust;

(iii)    confirming the interim compensation and expense reimbursement previously

awarded to Adduci; and

(iv)    granting such other relief as may be appropriate and just in the circumstances.


Dated:  November 8, 2016                                        Respectfully submitted:

                                                               LDR INDUSTRIES, LLC.

                                                               By:  /s/ Stephen T. Bobo
                                                                     One of its attorneys


Stephen T. Bobo (IL Bar No. 6182054)
Aaron B. Chapin (IL Bar No. 6292540)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400

- 9 -

sbobo@reedsmith.com
achapin@reedsmith.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re | Chapter 11 |
| LDR INDUSTRIES, LLC, | Case No. 14-32138 |
| Debtor. | Honorable Pamela S. Hollis |

### CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that on November 8, 2016, I caused a copy of the foregoing NOTICE OF HEARING and APPLICATION OF ADDUCI, MASTRIANI & SCHAUMBERG, LLP FOR ALLOWANCE OF FINAL COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO LDR INDUSTRIES, LLC, to be filed in the above-captioned proceeding.  Notice of this filing was sent to the parties having filed Appearances by CM/ECF and to all parties on the attached list as indicated.

/s/ Stephen T. Bobo
Stephen T. Bobo

## SERVICE LIST

| Service Party: | Method of Service: |
|---|---|
| LDR Industries, LLC<br>600 North Kilbourn Avenue<br>Chicago, IL 60624 | via U.S. first class mail |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | via ECF |
| David A. Warfield<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>dwarfield@thompsoncoburn.com | via ECF |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Michael.kelly@usdoj.gov | via ECF |
| Scott D. Fink<br>Monette W. Cope<br>Weltman, Weinberg & Reis Co., L.P.A.<br>Lakeside Place, Suite 200<br>323 W. Lakeside Avenue<br>Cleveland, OH 44113-1033 | via ECF |
| Thomas S. Leo<br>Michael J. Dudek<br>Leo & Weber, P.C.<br>One N. LaSalle St., Ste. 3600<br>Chicago, IL 60602 | via ECF |
| Central States<br>477 Thomas Drive<br>Bensenville, IL 60107 | via U.S. first class mail |
| E-Z Weld Inc.<br>1661 Old Dixie Hwy<br>Riviera Beach, FL 33404 | via U.S. first class mail |

| | |
|---|---|
| Reliable Staffing Services, Inc.<br>dba Flexible Staffing<br>870 Oak St.<br>Lake in the Hills, IL 60156 | via U.S. first class mail |
| Genova Products<br>Attn: Barry Brang<br>7304 East Court Street<br>PO Box 309<br>Davison, MI 48423-0309<br>FAX: (810) 744-1653 | via U.S. first class mail |
| Tri-State Pallet Logistics, LLC<br>P.O. Box. 7055<br>Defiance, Ohio 43512 | via U.S. first class mail |
| William H. Harvey Company<br>4334 S. 67th St<br>Omaha, NE 68117 | via U.S. first class mail |
| Zoeller Pump Company<br>3649 Cane Run Road<br>Louisville, KY 40211 | via U.S. first class mail |
| Storm International, Ltd.<br>Cixi Storm Showers Co. Ltd.<br>No.777, Yu'an Rd.<br>Tianyuan Industrial Zone<br>Tianyuan Town<br>Cixi 315325, China<br>office@stormshower.com | via U.S. first class mail and e-mail |
| MTD (USA) Corp. (zhehiang)<br>Zhejiang Minmetals Sanhe I/E Co. Ltd.<br>310 North Zhong Shan Road, Rm 1014<br>Hangzhou China 310003<br>leway@189.cn | via U.S. first class mail and e-mail |
| Ningbo Guoyang Hardware Co, Ltd.<br>No 35 Jinshan Rd Xinxing<br>Industry Zone Ninghai Of Ningbo<br>Ningbo, CHINA<br>susan@diorglobal.com | via U.S. first class mail and e-mail |

| | |
|---|---|
| Ningbo Runner Industrial Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Pannext Fittings Corporation<br>6833 W. Sam Houston Pkwy South Suite 206<br>Houston, TX 77072<br>myuan@pannext.com | via U.S. first class mail and e-mail |
| Sannuotop Industrial Co. Ltd<br>No.109 HengGang Rod, Private Industrial Park,<br>QiuAai Town ,YinZhou District ,Ningbo City,<br>Zhejiang Province, China 315000<br>sam_sannuotop@yahoo.com | via U.S. first class mail and e-mail |
| Shanghai Whitford SanityWare Co, Ltd.<br>No. 2189 Panchuan Road<br>Baoshan Shanghai  China<br>sales@shwhitford.com | via U.S. first class mail and e-mail |
| WellMade Faucets Corp.<br>No. 63 Lane 754 Sec 2<br>Chang Ho Rd.<br>Changhua City, Taiwan<br>gary.everlotus@163.com<br>hq.proci@msa.hinet.net | via U.S. first class mail and e-mail |
| Winvest Enterprise Ltd.<br>No. 68 Lane 101, KO chuang St.,<br>Chung KO Village, Hautang Hsien<br>Change HWA City, Taiwan<br>Postal Code 50353<br>yvonnegao2012@126.com | via U.S. first class mail and e-mail |
| Xiamen Runner Ind. Corporation<br>c/o its attorney-in-fact<br>Global Recovery Group, LLC<br>Attn: Adam Cortese<br>950 Herndon Parkway, Ste 200<br>Herndon, VA 20170 | via U.S. first class mail |
| Xuzhou Global Pipe & Fitting Manufacturing Co., Ltd.<br>No.6 Jingmahe Branch Road, Xuzhou Economic<br>Development Zone, Jiangsu, China<br>Attn:  Wubaoting<br>huanqiu@xzhuanqiu.com | via U.S. first class mail and e-mail |

| Yuhuan Jianglin Plumbing Hose & Parts Co, Ltd. Packaging Industrial Zone, Yuhuan, Zhejiang, China parts@cnjianglin.com | via U.S. first class mail and e-mail |
|---|---|
| Sears, Roebuck and Co./Kmart Corporation Ryan Chapman Sears Holdings Management Corporation 3333 Beverly Road, B6-311A Hoffman Estates, IL 60179 ryan.chapman1@searshc.com | via U.S. first class mail and e-mail |